## Harmony, Appellant, *v.* Harmony.

Argued November 13, 1944. Before KELLER, P. J.,

BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Allan K. Grim,* with him *Stevens & Lee,* for appellant.

*Dawson H. Muth,* with him *Body, Muth & Rhoda,* for appellee.

OPINION BY BALDRIGE, J., December 13, 1944:

An independent study of this record, disclosing an unfortunate and unhappy marital venture, brings us to the conclusion reached by the learned court below that the libellant failed to carry the burden of showing a wilful and malicious desertion by the wife, as alleged in his libel.

It is unnecessary to detail the marital troubles of these two young people. A brief reference to some of the facts will be sufficient. They were married June 8, 1940. Within a month after the wedding they went to live with the husband's parents in a small house, which is not adapted to accommodate two families, on a 41 acre farm. Shortly thereafter the relations between the wife and her mother-in-law became strained. The elder criticised the young wife's cooking, manner of cleaning about the house, her desiring to see a doctor, and making preparations for the arrival of an expected child. It is apparent the respondent was never welcome in this household. The situation grew more tense and finally on December 8, 1940, the respondent left the home of her husband's parents and went to her sister, who lived

about 2 miles distance, where she gave birth to a child 5 days later.

The evidence clearly shows that the condition under which the respondent lived in the home of her in-laws was disquieting and unpleasant. The husband's attitude during this trying period, as well as after the wife went to her sister's home, indicated a lack of affection for her or even interest in her welfare. He never went to visit her after she left other than on one occasion, February 23, 1941, and never asked to see his baby. The testimony shows very clearly that the libellant made no real endeavor at any time to provide a separate home for his wife and baby. A wife is not chargeable with desertion in refusing to live at the home of her husband's parents where the living, as here, causes her irritation and annoyance and is distasteful to her: *Rood v. Rood,* 117 Pa. Superior Ct. 291, 178 A. 173. If the husband had established, or shown an honest effort to provide, a home for his wife we would be confronted with a different situation.

The decree of the court below is affirmed.